**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOSEPH BOND and TONIA JEWELL-VINES, on behalf of themselves and others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Misc. Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| TELCAST NETWORKS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| JOSEPH BOND and TONIA JEWELL-VINES, on behalf of themselves and others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Underlying action pending in the U.S. |
| | ) | District Court for the Northern District of |
| v. | ) | Illinois, Eastern Division |
| | ) | |
| ALLSTATE INSURANCE COMPANY a Delaware Corporation, | ) ) | Case No. 1:23-cv-04385 |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Pursuant to Fed. Civ. P. 45, Plaintiffs Joseph Bond and Tonia Jewell-Vines ("Plaintiffs") move for an order compelling Telcast Networks, LLC ("Telcast") to produce the documents requested in Plaintiffs' subpoena. In support hereof, Plaintiffs state:

**Relevant Background and Procedural History**

Plaintiffs filed the underlying action against Allstate Insurance Company in the United States District Court for the Northern District of Illinois, alleging that Allstate is vicariously liable under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, for telemarketing calls placed by Allstate's vendors on its behalf in violation of the statute. *Exhibit 1 - Second Amended Complaint*.

Apropos to this miscellaneous action, Plaintiff Jewell-Vines alleges, that she received calls telemarketing Allstate insurance from multiple phone numbers, including 680-207-1618 and 754-277-3364.  Sostrin Decl. at ¶ 4.

In order to obtain the identity of the specific entities who placed these calls, Plaintiffs subpoenaed the telephone carriers who transmitted the calls, Peerless Network and Sinch Voice, to produce documents sufficient to identify the customers who were using those numbers at the time of the calls. Sostrin Decl. at ¶5.  Both carriers identified Telcast as their customer with respect to the number at issue and indicated that Telcast is itself a telephone service provider who provided telephone service to the end user who placed the calls.  *Id.* at ¶ 6.

Telcast is a telephone service provider providing "comprehensive call center solutions" to to call center customers. *See Exhibit 2- Website Copy, see also*  https://telcastnetworks.com/.  Notably, Telcast's telemarketing operations have resulted in regulatory actions from both the Federal Trade Commission[1] and the North Carolina Department of Justice.[2]  Telcast maintains its principal place of business at 8 The Green, Dover, DE 19901. Sostrin Decl. at ¶ 7; *Exhibit 2  at p. 5*  It also maintains a registered agent in the same building. Exhibit 3 – Business Entity Details; Sostrin Decl. at ¶ 8.

Plaintiffs served Telcast, via its registered agent located in this District, with a subpoena to produce documents sufficient to identify its customer who was using the numbers at the time of the calls. *Exhibit 4 – Subpoenas and Proofs of Service*.  Telcast did not respond to the subpoenas. *Sostrin Decl.* at ¶ 10.  Plaintiffs' counsel subsequently followed the instructions on Telcast's website, which states that "Subpoenas, court orders and other law enforcement inquiries seeking other information

---

[1]See                                     https://www.ftc.gov/system/files/ftc_gov/pdf/pointofnoentry-telcastnetworkceasedesistletterfinaljms.pdf

[2]See        https://ncdoj.gov/wp-content/uploads/2023/11/State-AG-Task-Force-NOTICE-Letter-to-TELCAST.pdf

2

(i.e., non-intercept related) must be sent directly to Telcast Networks, LLC. The preferred method for delivery of these law enforcement inquiries to Telcast Networks, LLC. is via email." Sostrin Decl. at ¶ 11-12. *See Exhibit 5, see also* https://telcastnetworks.com/subpoenas-and-court-orders/. Plaintiff's counsel emailed the subpoenas to legal@telcastnetworks.com, precisely as Telcast requested. *Id.* at 13; *Exhibit 6 – Email*. Telcast once again did not respond. *Sostrin Decl.* at ¶ 15.

## Argument

Where a subpoena respondent fails to produce the requested documents, the serving party may move the court for the district where compliance is required to compel the production. Fed. R. Civ. P. 45(d)(2)(b)(1). That court may also hold the respondent in contempt should it have no adequate excuse for its failure to comply with the subpoena. Fed. R. Civ. P. 45(g).

The records requested are directly relevant to Plaintiffs' claims as they will establish who placed the telemarketing calls at issue in the case.

Despite formal service of process and subsequent delivery to legal@telcastnetworks.com, precisely as Telcast requested, Telcast ignored the subpoenas entirely, failing to serve any response or produce any documents whatsoever. Sostrin Decl. at ¶ 15.

WHEREFORE, Plaintiffs respectfully request the Court to order Telcast to serve the requested documents to Plaintiff's counsel within 7 days of the Court's order.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

*/s/ Antranig Garibian*
Antranig Garibian, Esq. (DE Bar 4962)
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE 19803
(302) 722-6885

3

*Timothy J. Sostrin*
Timothy J. Sostrin (Pro Hac Vice pending)
KEOGH LAW, LTD.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
tsostrin@KeoghLaw.com

*Attorneys for Plaintiffs*

4